IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEPHEN GUZMAN**,

    Plaintiff,

vs.                                             No. **CIV 05-955 MCA/LAM**

**BEN E. KEITH FOODS,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Stephen Guzman's *Motion to Remand* [Doc. 8], filed October 5, 2005 and *Motion to Amend* [Doc. 24], filed December 9, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

## I. BACKGROUND

Plaintiff Stephen Guzman is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico. [Doc. 1, Exh. A at 1]. Defendant Ben E. Keith Company[1] is a Texas corporation having its principal place of business in Texas. [Doc. 1 at 2]. Guzman worked as a Night Supervisor for Defendant from July 1994 until he was

---

[1] Guzman has identified Defendant as "Ben E. Keith Foods." However, Defendant represents that, at all relevant times, Ben E. Keith company was Guzman's employer. [Doc. 11 at 1 n.1].

terminated in August 2004. [Doc. 1, Exh. A at 2]. Guzman thereafter filed in state court a *Notice of Appeal and Complaint for Damages*, asserting claims for age discrimination; wrongful constructive discharge and/or breach of employment contract, defamation, and prima facie tort. [Doc. 1, Exh. A]. Attached to the *Complaint* is a *Court-Annexed Arbitration Certification* in which Guzman represents that he is seeking "relief other than a money judgment and/or . . . relief in excess of twenty-five ($25,000.00) exclusive of punitive damages, interest, costs, and attorney fees." [Doc. 1, Exh. A, "Arbitration Certification"].

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant removed the matter to this Court. [Doc. 1 at 1]. Guzman now moves to remand on the ground that the amount in controversy does not meet the Court's jurisdictional requirement of $75,000. [Docs. 8, 9]. Defendant counters that Guzman must be seeking to recover in excess of $75,000, reasoning that, although Guzman has stated in an affidavit that he seeks lost wages totaling $18,020 and punitive damages of no more than $56,900 (for a total recovery of $74,920), he will be entitled to attorneys' fees if he prevails, and a reasonable estimate of such fees "far exceeds" $80. [Doc. 11 at 2-3]. Guzman replies that Defendant has not satisfied its burden of setting forth, in its *Notice of Removal*, the underlying facts supporting its assertion that the amount in controversy here exceeds $75,000. [Doc. 17 at 2].

**II. ANALYSIS**

Removal of a state-court action to a federal district court is controlled by 28 U.S.C.

§ 1441, which states, in relevant part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, a federal district court may exercise diversity jurisdiction over a civil action if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). If, however, it appears that the district court lacks jurisdiction over the matter, it must remand the action to the state court from which it was removed. See 28 U.S.C. § 1447(c).

Amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). When neither document suffices, the Court may look to other relevant materials in the record at the time of removal. See id. In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001). "The same is not true, however, when the case has been removed from state court." Id. In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving amount

in controversy by a preponderance of the evidence.  Id. at 1289-90.  Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met.  See Laughlin, 50 F.3d at 873.

On the other hand, in its attempt to determine amount in controversy, the Court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal.  Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001).  The Court may look, for example, to (1) the substance and nature of the injuries and damages described in the pleadings; (2) attorney affidavits filed prior to or in connection with the removal notice; and (3) a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or the plaintiff's refusal to admit that he or she is not seeking damages in excess of the statutory minimum.  Id.  Still, because of the presumption against removal jurisdiction, removal statutes are construed narrowly, with uncertainties concerning federal jurisdiction resolved in favor of remand to state court.  Martin, 251 F.3d at 1289-90 (internal quotation omitted).

The Court concludes that Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Because this amount cannot be determined from the allegations in Guzman's *Complaint*,[2] the Court looks first to the *Notice*

---

[2] The New Mexico Rules of Civil Procedure provide, in pertinent part, that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."  Rule 1-010(B) NMRA 2005.

*of Removal*, then to other materials in the record at the time of removal.  See Hanna, 163 F.Supp.2d at 1305.  The *Notice of Removal* does not detail the underlying facts supporting the assertion that the jurisdictional minimum has been met but, rather, merely restates the causes of action as set forth in Guzman's *Complaint*, concluding that those causes of actions, when considered in conjunction with the damages sought, indicate that Guzman seeks to recover more than $75,000.  [See Doc. 1 at 2].  Such a summary, however, "does not provide the requisite facts lacking in the complaint."  Martin, 251 F.3d at 1291.

In *Defendant's Response to Plaintiff's Motion to Remand*, Defendant asserts that, where Guzman has valued his claim at $74,920 and would be entitled to attorney's fees if successful, the amount in controversy must far exceed $75,000.  [Doc. 11 at 1-2].  Although the Tenth Circuit permits consideration of a reasonable estimate of attorney's fees in determining amount in controversy, Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998)[3], the Court is not persuaded by Defendant's argument that an award of attorney's fees would necessarily push Guzman's claim over the $75,000 minimum, since the Court does not believe that Defendant has shown by a preponderance of the evidence that Guzman

---

[3] But see GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc., 387 F.Supp.2d 992, 995 (N.D. Iowa 2005).  In GreatAmerica Leasing Corp., the court questioned whether it should estimate the attorney's fees that might be awarded at the end of the lawsuit or only those fees that had accrued as of the time the action suit was filed in state court.  GreatAmerica Leasing Corp., 387 F.Supp.2d at 995.  While it recognized the rule of Miera, the court also cited Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958-959 (7th Cir. 1998) as evidence that the Seventh Circuit "judg[es] matters at the time the state-court complaint was filed." GreatAmerica Leasing Corp., 387 F.Supp.2d at 995.  In the end, the court held that to determine amount in controversy, it would count only the attorney fees (as well as interest) that had accrued at the time the lawsuit was filed in state court.  Id. at 996.

values his claim at $74,920.  The Court does not read statements in Guzman's October 4, 2005 *Affidavit* as representing, as Defendant contends, "that the punitive damages [Guzman] seeks do not exceed $56,900."  [See Doc. 11 at 2].  Rather, in his *Affidavit* Guzman states that "[t]he punitive damages *if any*, that I seek in addition to compensatory damages do not exceed $56,900."  [Oct. 4, 2005 Affidavit of Stephen Guzman (emphasis added)].  Whereas the Court in Miera was able to estimate attorney's fees yet to be claimed on the basis of fees already incurred, no such concrete numbers have been presented to the Court here.  See Miera, 143 F.3d at 1340 (where attorney's fees in amount of $6,854 already incurred, it was reasonable to expect future fees, when added to value of plaintiff's claim, to help push total amount over jurisdictional minimum).  To estimate attorney's fees on the basis of the numbers now in the record would require the Court to engage in little more than speculation.  For these reasons, the Court concludes that Defendant has not demonstrated that the jurisdictional minimum of $75,000 as been met in this case.

## III. CONCLUSION

For the foregoing reasons, the Court determines that Defendant has not shown that the amount in controversy in this case exceeds $75,000.  In light of this determination, as well as the presumption against removal jurisdiction and the mandate to federal district courts to resolve uncertainties surrounding that jurisdiction in favor of remand, the Court remands this matter to the state court from which it was removed

6

**IT IS, THEREFORE, ORDERED** that Plaintiff Stephen Guzman's *Motion to Remand* [Doc. 8] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Stephen Guzman's *Motion to Amend* [Doc. 24] is **DENIED** as moot;

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorneys' fees.

**SO ORDERED** this 6th day of January, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge